UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:15-cr-00147 |
| | ) | Chief Judge Crenshaw |
| TERRANCE KIMBROUGH | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

The Due Process Clause of the Fifth Amendment is violated when the federal government "tak[es] away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." Johnson v. United States, 135 S.Ct. 2551, 2556 (2015) (citing Kolender v. Lawson, 461 U.S. 352, 357–358 (1983)). Such was found to be the case in Johnson where the residual clause of the Armed Career Criminal Act of 1984 ("ACCA") defined the term "violent felony" to include any felony that "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). It was also the case in Sessions v. Dimaya, 138 S.Ct. 1204, 1210 (2018) where the Immigration and Nationality Act ("INA") defined "aggravated felony" by referencing 18 U.S.C. § 16(b)'s "crime of violence" definition that includes a felony which, "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

The question now before the Court in the form of Terrance Kimbrough's Second Amended Motion to Dismiss (Doc. No. 472) is whether the same should be said about 18 U.S.C. § 922(g)(3). That statute makes it unlawful for any person "who is an unlawful user of or addicted to any

controlled substance . . . to or possess in or affecting commerce, any firearm or ammunition[.]"

Having fully considered the applicable law and the arguments of the parties, the Court finds that 18 U.S.C. § 922(g)(3) is not facially void for vagueness and, accordingly, Kimbrough's Motion to Dismiss will be denied. That denial will be without prejudice to Kimbrough asserting an "as applied" challenged should the evidence at trial so warrant.

## I. *Johnson* and *Dimaya*

Johnson involved a Minnesota statue that made it unlawful to posses a sawed-off shot gun, and was the fifth time the Supreme Court addressed the residual clause of the ACCA in an "attempt[] to discern its meaning." 135 S.Ct. at 2556. Twice it found that a state law was covered by the clause: James v. United States, 550 U. 192 (2007) (Florida's offense of attempted burglary); and Sykes v. United States, 564 U.S. 1 (2011) (Indiana's offense of vehicular flight from police). Twice it found the state law not covered by the clause: Begay v. United States, 553 U.S. 137 (2008) (New Mexico's offense of driving under the influence); and Chambers v. United States, 555 U.S. 122 (2009) (Illinois' offense of failing to report to prison). "Nine years' experience trying to derive meaning from the residual clause convince[d]" the Supreme Court that it "ha[d] embarked upon a failed enterprise" because the clause was "shapeless" and required "guesswork." Johnson, 135 S.Ct. at 2560.

In the Supreme Court's view, "[t]wo features of the residual clause conspire[d] to make it unconstitutionally vague" Id. at 2557. On the one hand, it left "grave uncertainty about how to estimate the risk posed by a crime" because it "tie[d] the judicial assessment of risk to a judicially imagined 'ordinary case' of a crime, not to real-world facts or statutory elements." Id. On the other hand, the clause left "uncertainty about how much risk it takes for a crime to qualify as a violent

felony." Id.

In addition to those two features, the Supreme Court in Johnson observed that "'persistent efforts . . . to establish a standard can provide evidence of vagueness'" and its "repeated attempts and repeated failures to craft a principled and objective standard out of the residual clause confirm its hopeless indeterminacy." Id. Indeed, the Supreme Court was "not the only one that has had trouble making sense of the residual clause" as evidenced by the "numerous splits among the lower federal courts." Id. at 2558-59.

Johnson was "a straightforward decision, with equally straightforward application" to Section 16(b)'s residual "crime of violence" clause at issue three years later in Dimaya. 138 S.Ct. at 1213. That clause had the "same two features combined in the same constitutionally problematic way." Id. Just as in Johnson it "call[ed] for a court to identify a crime's 'ordinary case' in order to measure the crime's risk." Id. at 1215. "And § 16(b) also possesse[d] the second fatal feature of ACCA's residual clause: uncertainty about the level of risk that makes a crime 'violent,'" only with "substantial risk" substituted for "serious potential risk." Id.

## II. Application to 18 U.S.C. § 922(g)(3)

"Johnson was no doubt a sea-change, with far-reaching precedential effects." Shuti v. Lynch, 828 F.3d 440, 444 (6th Cir. 2016). Unlike in Dimaya, however, it has no straightforward application to 18 U.S.C. § 922(g)(3) because this statute does not contain the same infirmities identified in Johnson. The Court reaches this conclusion for a number of reasons.

First, Johnson and Dimaya were decided in the context of the "categorical approach" utilized by the Supreme Court that requires looking at the nature of the offense generally. See, Johnson, 135 S.Ct. at 2256-57 (citation omitted) (stating that, under the categorical approach, "a court

3

assesses whether a crime qualifies as a violent felony 'in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion'"); Dimaya, 138 S.Ct. at 1211 (citation omitted) (observing that the question "is not whether 'the particular facts' underlying a conviction posed the substantial risk'" but "whether 'the ordinary case' of an offense poses the requisite risk'"). "The Court's analysis in Johnson thus cast no doubt on the many laws that 'require gauging the riskiness of conduct in which an individual defendant engages on a particular occasion.'" Welch v. United States, 136 S.Ct. 1257, 1262 (2016) (quoting Johnson, 135 S.Ct. at 2560). That is, "[t]he residual clause failed not because it adopted a 'serious potential risk' standard but because applying that standard under the categorical approach required courts to assess the hypothetical risk posed by an abstract generic version of the offense." Id. This is supported by the statement in Johnson that "[i]t is one thing to apply an imprecise serious potential risk standard to real-world facts; it is quite another to apply it to a judge-imagined abstraction." Johnson, 135 S.Ct. at 2558.

Second, and relatedly, when a criminal law or statute uses potentially amorphous phraseology such as "grave risk," "substantial risk," "unreasonable risk," or, as in this case, "unlawful user" does not automatically make it unconstitutionally vague. Noting that "'[t]he law is full of instances where a man's fate depends on his estimating rightly . . . some matter of degree,'" the Supreme Court in Johnson explained that many laws

> require gauging the riskiness of conduct in which an individual defendant engages on a particular occasion. As a general matter, we do not doubt the constitutionality of laws that call for the application of a qualitative standard such as "substantial risk" to real-world conduct.

Id. at 2561 (quoting Nash v. United States, 229 U.S. 373, 377 (1913)). Put simply, Johnson does not invalidate everything that could be described as vague." In re Clayton, 2016 WL 3878156, at

4

*7 (11th Cir. July 18, 2016) (Martin, J. concurring); see also Holder v. Humanitarian Law Project, 561 U.S. 1, 21 (2010) (in the context of a statute criminalizing the provision of material support to terrorist, "training" and "expert advice or assistance" are not vague); United States v. Williams, 553 U.S. 285, 298-99 (2008) (in the context of a statute criminalizing the solicitation of child pornography, the phrases "in a manner that reflects the belief" and "in a manner . . . that is intended to cause another to believe" are not vague).

For example, the definition of a "crime of violence," which includes a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," 18 U.S.C. § 924(c)(3), is not void for vagueness, notwithstanding Johnson. United States v. Taylor, 814 F.3d 340, 376 (6th Cir. 2016). "Unlike the ACCA and INA, which require a categorical approach to stale predicate convictions, 18 U.S.C. § 924(c) is a criminal offense that requires an ultimate determination of guilt beyond a reasonable doubt—by a jury, in the same proceeding. This makes all the difference." Shuti v. Lynch, 828 F.3d 440, 449 (6th Cir. 2016); see also, United States v. St. Hubert, 883 F.3d 1319, 1336 (11th Cir. 2018) (noting that although § 16(b) at issue in Dimaya and 924(c) are similarly worded, the former "applies to remote prior convictions, rather than to contemporaneous companion offenses charged in the same indictment and requiring a specified nexus to the use, carrying, or possession of a firearm").

Count 6 of the Second Superseding Indictment returned November 15, 2017 charges Kimbrough with being "an unlawful user of a controlled substance" who possessed a Beretta semi-automatic pistol and Winchester .40 caliber ammunition on July 4, 2015, while Count 7 charges him with possession of a Mossberg, 12-gauge shotgun, and Remington and Fiocchi 12-gauge

5

ammunition on July 17, 2015, also while being "an unlawful user of a controlled substance." Those counts will not require the jury to apply an impermissibly imprecise standard to an abstraction. Rather, the jury will be called upon to determine whether, on the facts presented, the Government has established beyond a reasonable doubt "that [the] defendant was engaged in a pattern of regular and repeated use of a controlled substance during a period that reasonably covers the time a firearm was possessed." United States v. Bellamy, 682 F. App'x 447, 450 (6th Cir. 2017).

Third, courts of appeals have repeatedly rejected due process challenges to the phrase "unlawful user of a controlled substance," albeit usually in the context of an "as applied" challenge. This includes, at a minimum, the Third, United States v. Augustin, 376 F.3d 135, 138 (3d Cir. 2004); Fifth, United States v. Patterson, 431 F.3d 832, 836 (5th Cir. 2005); Eighth, United States v. Bramer, 832 F.3d 908, 909 (8th Cir. 2016); Ninth, United States v. Purdy, 264 F.3d 809, 811 (9th Cir. 2001); and Tenth, United States v. Bennett, 329 F.3d 769, 777 (10th Cir. 2003), Circuits.

For its part, the Sixth Circuit in United States v. Burchard, 580 F.3d 341, 347 (6th Cir. 2009) surveyed the pre-Johnson appellate authority, and quoted Patterson, 431 F.3d at 838, for the proposition that others circuits "have stated that there must be some regularity of drug use in addition to contemporaneousness to meet the statute's requirements." Because "[t]here [wa]s no applicable Sixth Circuit instruction," the court then "offer[ed] an instruction for future use that embodies the necessary concepts." Id. at 352. That instruction reads:

> The term "unlawful user of a controlled substance" contemplates the regular and repeated use of a controlled substance in a manner other than as prescribed by a licensed physician. The one time or infrequent use of a controlled substance is not sufficient to establish the defendant as an "unlawful user." Rather, the defendant must have been engaged in use that was sufficiently consistent and prolonged as to constitute a pattern of regular and repeated use of a controlled substance. The government need not show that defendant used a controlled substance at the precise time he possessed a firearm. It must, however, establish that he was engaged in a

> pattern of regular and repeated use of a controlled substance during a period that reasonably covers the time a firearm was possessed.

Id.

Even if there is some disagreement as to the exact nature and scope of the temporal proximity between drug use and possession of a firearm, "[e]very circuit to have considered the question has demanded that the habitual abuse be contemporaneous with the gun possession." United States v. Yancey, 621 F.3d 681, 687 (7th Cir. 2010) (collecting cases). This hardly suggests the "repeated attempts and repeated failure to craft a principled and objective standard" that was of concern in Johnson. 135 S.Ct. at 2258. See United States v. Evans, 883 F.3d 1154, 1166–67 (9th Cir. 2018) (observing that "the Supreme Court places great weight on whether a statutory phrase or term has caused prior problems"); Taylor, 814 F.3d at 375–79 (noting that the Supreme Court in Johnson "reached its void-for-vagueness conclusion only after struggling mightily for nine years to come up with a coherent interpretation of the clause," whereas no such history has occurred with respect to § 924(c)(3)(B)). The acknowledgment of the need for a temporal nexus and the Sixth Circuit's definition of that link does, however, reduce concerns about "when and how a person qualifies as a 'user' user of a controlled substance" (Doc. No. 472 at 4) as argued by Kimbrough.

Fourth, post-Johnson decisions support this Court's conclusion. In United States v. Bramer, 832 F.3d 908, 909 (8th Cir. 2016), the Eighth Circuit rejected a facial attack to Section 922(g)(3) because defendant did not show the "statue [wa]s vague as applied to his particular conduct." In United States v. Bell, No. 16-40080-01-DDC, 2017 WL 1479376, at *5 (D. Kan. Apr. 25, 2017) the court also rejected a facial attack, noting that Section 922(g)(3) is not analyzed utilizing the categorical approach, and noting that no cases had extended Johnson to the statute barring a user of a controlled substance from possessing a firearm. See also United States v. Phommaseng, No.

7

15-20006-JAR, 2015 WL 5937595, at *15 (D. Kan. Oct. 12, 2015) (same). In United States v. Holmes, No. 15-CR-129, 2016 WL 54918, at *1 (E.D. Wis. Jan. 5, 2016), the court rejected a facial attack to Section 922(g)(3) where defendant argued (as here) that the statute failed to describe how frequently the person must use drugs and whether such use must be proximate to his possession of a firearm, and where (also like here) the defendant argued that because "the statute does not indicate when a person ceases to be a 'user' it is impossible to know when, if ever, a person who once took drugs is allowed to possess a firearm."

In finding dismissal inappropriate, the Court recognizes Kimbrough's argument in his reply brief that he is making a facial challenge to the statute, and that Sixth Circuit law limiting challenges outside the First Amendment context to "as applied" challenges (see e.g., United States v. Lechner, 806 F.3d 869, 875 (6th Cir. 2015)) "cannot be correct" after Johnson and Dimaya. (Doc. No. 483 at 1). However, as Justice Thomas pointed out in his dissent in Dimaya, "[w]hile Johnson weakened the principle that a facial challenge requires a statute to be vague 'in all applications,'" Supreme Court "precedents likewise recognize that, outside the First Amendment context, a challenger must prove that the statute is vague as applied to him" and "Johnson did not overrule these precedents." Similarly, in Bramer, the Eighth Circuit observed that, while Johnson "clarified that a vague criminal statute is not constitutional 'merely because there is some conduct that falls within the provision's grasp,'" and therefore defendant "need not prove that § 922(g)(3) is vague in all its applications, . . . case law still requires him to show that the statute is vague as applied to his particular conduct." 832 F.3d at 909 (citing Johnson, 135 S.Ct. at 2561); see also Worman v. Healey, 293 F. Supp. 3d 251, 269 (D. Mass. 2018) (quoting Johnson for the proposition that the "'threshold for declaring a law void for vagueness is [still] high" and that "[a] statute will be held

8

unconstitutionally vague 'only if it wholly fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement.'); Pineda v. United States, No. 408CR02102HLMWEJ, 2016 WL 10428743, at *4 (N.D. Ga. Oct. 12, 2016) (observing that "nothing in Johnson purported to overrule the various Supreme Court cases requiring that courts analyze vagueness challenges outside of the First Amendment context on the facts of the particular cases before the courts").

The rejection of Kimbrough's challenge under Johnson and Dimaya, certainly does not preclude an as applied challenge. That challenge, of course, can only be made after the Government has presented its proof about whether he was a "user of a controlled substance" at the time he possessed the firearm and ammunition as alleged in Counts 6 and 7. See United States v. Turner, 842 F.3d 602, 604 (8th Cir. 2016) (holding that "'a trial on the merits' was needed to decide [defendant's] pretrial motion to dismiss" where defendant "argue[d] that § 922(g)(3) was unconstitutionally vague as applied to his conduct").

### III. Conclusion

Kimbrough's Second Amended Motion to Dismiss (Doc. No. 472) will be denied without prejudice.

An appropriate Order will enter.

$\qquad$
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE